ELLIS, Judge:
This is a suit on open account for gas, oil, supplies and services furnished by plaintiff William R. Simon, doing business as Bill Simon’s Esso, to defendant Swen-son and Son’s Contract Supply, Inc. After trial on the merits, judgment was rendered in favor of plaintiff for $2,666.56, the full amount of his claim, and defendant has appealed.
Plaintiff’s claim is for gas, oil, materials, supplies and labor furnished during the months of August, September, October and November, 1972. In its answer, defendant admitted that it made certain purchases, but alleges that some of the purchases were unauthorized and that some credits to which it was entitled were not allowed. In the pre-trial order, it is set forth that defendant claims that plaintiff failed to perform mechanical services in a good and workmanlike manner, causing defendant to incur additional expense for parts and labor.
On the trial of the case, Mr. Simon identified the various tickets, invoices and work orders forming the basis of his claim, and testified as to the balance due. He further testified that he never received any complaint as to the work done by his mechanics or anything else until after he had cut off defendant’s credit because of non payment of the account. He also placed in evidence a NSF check for $714.34 given in partial payment of the account by defendant on November 3, 1972. Mr. Simon stated that when he attempted to collect the overdue balance, he was always met with promises to pay, and never with complaints until after he cut off defendant’s credit.
Defendant’s office manager, Carlo Con-iglio, testified that two batteries, purchased on October 5, 1972, for $60.85 were returned for credit, but that no credit was allowed. He further testified that certain repair work done on three different vehicles totalling $242.27 was improperly done by plaintiff and had to be done over again. Three of these invoices were for work done in August, and the other for work done on October 3, 1972, long before the check for $714.34 was given.
Billy Tesch, a mechanic employed by defendant on a piecework basis, testified to work which he did to the same three vehicles above mentioned, which substantially duplicated the work ■ done by plaintiff. One other witness testified to the unsatisfactory nature of the work done by plaintiff on one of the vehicles.
The trial judge rejected the testimony of the defendant’s witnesses and rendered judgment for plaintiff for the full amount of his claim. After examining the record, we find no manifest error in his conclusion. The testimony of defendant’s witnesses is inconsistent, and, like the trial judge, we are impressed by the fact that defendant did not complain about the adequacy of plaintiff’s services or request that any of the work be corrected.
In this court, defendant claims that plaintiff has not met his burden of proof, because that part of the claim dealing with repairs performed is a claim in contract rather than an open account. However, defendant does not dispute the fact that the work was done. It is claimed that the work was not properly done, and the burden of proving this fact rests on the defendant; as noted above, this burden was not met.
Since we have found no manifest error in the factual conclusions of the trial judge, and no merit in defendant’s legal position, the judgment appealed from is affirmed, at defendant’s cost.
Affirmed.